The STEWART ORGANIZATION, et al., Plaintiffs,

v.

The RICOH CORPORATION, et al., Defendants.

Civ. A. No. CV84–AR–2460–S.

United States District Court,
N.D. Alabama, S.D.

June 16, 1989.

Janet L. Humphreys, F.A. Flowers, III and Joseph W. Letzer, Burr & Forman, Birmingham, Ala., for plaintiffs.

Ralph H. Yeilding, John E. Goodman, Mac M. Moorer and Scott M. Phelps, Bradley, Arant, Rose & White, Birmingham, Ala., for defendants.

MEMORANDUM OPINION
AND ORDER

ACKER, District Judge.

On June 14, 1989, the Court of Appeals for the Eleventh Circuit denied the motion of The Stewart Organization, et al., plaintiffs in the above entitled cause, for a stay of the writ of mandamus directed by the Eleventh Circuit to this Court and ordered the transfer of the cause to a federal district court in the Borough of Manhattan. The announced purpose of plaintiffs' requested stay had been to afford plaintiffs the opportunity to file a petition to the Supreme Court of the United States for a writ of certiorari to review the decision of the Eleventh Circuit of April 3, 1989. Upon the denial of the stay, plaintiffs promptly informed this court by telephone that for economic reasons they will litigate with defendants next in the United States District Court for the Southern District of New York and not in the Supreme Court of the United States.

Federal district courts within the three states comprising the Eleventh Circuit will, no doubt, be pleased by the ruling of the Eleventh Circuit in this case, inasmuch as Alabama, Georgia and Florida are rarely the subjects of forum selection clauses, and the civil caseloads in these three states will surely fall as a direct consequence of the considerable number of transfers of civil cases to forums, like New York, contractually selected by the parties. On the other hand, the courts in New York may have mixed emotions about obtaining a veritable flood of complex cases from Alabama, Georgia and Florida, if from nowhere else, assigned to New York by contract, although arising in other states and controlled by the laws where the disputed transactions took place. "New York, New York, it's a wonderful town!"

It is with a sigh of relief that, pursuant to the unequivocal writ received from the Eleventh Circuit, the above entitled cause is hereby TRANSFERRED to the United States District Court for the Southern District of New York for such further proceedings as that court shall deem necessary and appropriate under the overall circumstances, including the fact that the Supreme Court of the United States on May 22, 1989 decided *Lauro Lines v. Chasser*, —— U.S. ——, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), after the Eleventh Circuit's opinion of April 3, 1989, and after the Eleventh Circuit's denial of an application and suggestion for rehearing *in banc*. *Lauro Lines* seems to stand for the proposition that there can be no interim or interlocutory review of a lower court's decision on a venue question, and that appellate review of this question must await a final judgment on the merits. Although the law-of-the-case is arguably not applicable when an appellate court opinion is followed by an intervening, binding, contrary opinion of the highest court, this court is too timid to approach the Eleventh Circuit on the subject of the effect of *Lauro Lines* any more than to approach the Eleventh Circuit with the fact that *Stewart Organization v. Ricoh Corp.*, —— U.S. ——, 108 S.Ct. 225, 98 L.Ed.2d 184 (1987), was interpreted by the United States District Court for the Eastern District of Missouri on March 21, 1989 in *Fibra–Steel, Inc. v. Astoria Industries, Inc.*, 708 F.Supp. 255 (E.D.Mo.1989), just as this court interpreted it in *The Stewart Organization v. Ricoh Corp.*, 696 F.Supp. 583 (N.D.Ala.1988).

The Clerk is ordered to effectuate this order of transfer.

DONE AND ORDERED.