**Walter H. STEWART, et al.,
etc., Plaintiffs,**

v.

**DEAN–MICHAELS CORPORATION,
etc., Defendant.**

**Johnny W. MOSES, et al., Plaintiffs,**

v.

**BUSINESS CARD EXPRESS, INC., et
al., Defendants.**

Civ. A. Nos. 89–AR–0871–S,
88–AR–1745–S.

United States District Court,
N.D. Alabama, S.D.

July 10, 1989.

Daniel B. Feldman, Jonathan H. Waller, Haskell Slaughter & Young, Birmingham, Ala., for Walter H. Stewart, James S. Snow, Jr., and Lou Anne Strickland.

Theodore Lyons Araujo, Barnard & Araujo, Ithaca, N.Y., and Scott Phelps, Bradley, Arandt, Rose & White, Birmingham, Ala., for Dean–Michaels Corp., etc.

Carlos A. Williams, Chestnut, Sanders, Sanders, Turner, Williams & Pettaway, Birmingham, Ala., for Johnny W. Moses, et al.

William S. Dodson, Jr., Jayna J. Partain, Maynard, Cooper, Frierson & Gale, P.C., Birmingham, Ala., David A. Ettinger, Honigman Miller Schwartz & Cohn, Detroit, Mich., for Business Card Exp., Inc., et al.

## MEMORANDUM OPINION

ACKER, District Judge.

Although the above-two entitled cases have not been consolidated, the issue to be decided is virtually identical in both cases, and the rationale in one case is so outcome-determinative in the other that the court has chosen to write one opinion for both. Because of the fast-growing use of forum selection clauses, the only surprising thing

is that there are only two such cases before this court. In both cases, the court has for consideration a defendant's motion to dismiss or to transfer to another forum pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a). The parties in both cases have sought and obtained extensions of the periods of time for discovering evidence bearing on the *forum non conveniens* issues. There also have been heated disputes in both cases over various aspects of this discovery. These disputes do not seem to be subsiding. Because the court is satisfied that all of the discovery in the world will not change the lesson taught by the Eleventh Circuit in *In re Ricoh Corporation*, 870 F.2d 570 (11th Cir.1989), and that the expense being incurred by plaintiffs is a waste of money they will need to travel to the proper forums, the court will vacate all discovery extensions previously granted, and will order discontinued the ongoing discovery on the venue question, that is, unless a transferee court should reopen such discovery for reasons of its own.

Both cases were filed in this court by Alabama plaintiffs against non-resident defendants. In somewhat of an irony, Walter H. Stewart, the lead plaintiff in CV 89–AR–0871–S, is the president of The Stewart Organization, Inc., famous as the plaintiff in what has become the leading case, *Stewart Organization, Inc. v. Ricoh Corp.*, 779 F.2d 643 (11th Cir.1986); *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir.1987) (en banc); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Stewart Organization, Inc. v. Ricoh Corp.*, 696 F.Supp. 583 (N.D.Ala.1988); *In re Ricoh Corporation*, 870 F.2d 570 (11th Cir.1989); and *Stewart Organization, Inc. v. Ricoh Corp.*, 713 F.Supp. 1419 (N.D.Ala. 1989).

As he was in *In re Ricoh Corporation*, Mr. Stewart is here confronted by a forum selection clause contained in a contract which he and his fellow plaintiffs signed. This clause in the contract between plaintiffs in CV 89–AR–0871–S and defendant, Dean–Michaels Corporation, which is located in Ithaca, New York, says:

This agreement shall in all respects be governed by the laws of the State of New York (U.S.A.). The parties hereby agree that any dispute relating to the services sold hereunder shall be subject to the jurisdiction of the courts within the State of New York.

Dean–Michaels first contends that this court lacks *in personam* or "long arm" jurisdiction. With this contention the court disagrees, but the dispute over personal jurisdiction becomes academic in view of the transfer option presented by 28 U.S.C. §§ 1404(a) and 1406(a), and *Bentz v. Recile*, 778 F.2d 1026 (5th Cir.1985).

In CV 88–AR–1745–S, Johnny W. Moses and his fellow plaintiffs, as do Mr. Stewart and his fellow plaintiffs in CV 89–AR–0871–S, seek to sue on their home ground, Alabama, but they run into the following forum selection clause in the contract out of which a franchise relationship between them and defendant, Business Card Express, Inc., was born:

Both parties acknowledge all litigation must be commenced in the federal district court for the Eastern District of Michigan or the Michigan Circuit Court for the County of Oakland.

Fortunately or unfortunately, this court knows as much about *Stewart Organization v. Ricoh Corporation* in its various manifestations, and in the different courts which have dealt with it over the years, as any district court in the United States. This court has learned a hard but a thoroughly-learned lesson from the most recent manifestation and most important court, the Eleventh Circuit's *In re Ricoh Corporation.*

Plaintiffs in both of these cases understandably have spent their efforts desperately attempting to distinguish their cases from *In re Ricoh Corporation*, in which the Eleventh Circuit unequivocally ordered this court to transfer Stewart Organization's action from this court to a forum that it arguably had participated in selecting in advance by contract. Plaintiffs here strive to convince this court that they come within some exception recognized by the Eleventh Circuit in *In re Ricoh Corpora-*

*tion.* Not having been told by the Eleventh Circuit what, if any, exceptional circumstances would justify choosing a forum other than the forum provided in a forum selection clause, this court is unconvinced that either set of plaintiffs comes within any exception.

It does no good, but hopefully will do no harm, for this court to agree with plaintiffs in both cases that the Eleventh Circuit misread the Supreme Court's *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22. Instead of recognizing a forum selection clause as only one factor, among others, to be weighed by the trial court, as the Supreme Court held, the Eleventh Circuit has, as a practical matter, made the clause the *overriding* consideration. It became the controlling criterion because there was nothing recognized which can outweigh it. The mere fact that the Eleventh Circuit has misread the Supreme Court, if it has, does not give any district court in Alabama, Florida or Georgia, much less this court, the right to deviate from the Eleventh Circuit's unmistakable interpretation of the Supreme Court. It is the Eleventh Circuit's understanding of the Supreme Court, and not this court's understanding of the Supreme Court, that guides this court. In *In re Ricoh Corporation,* the writ of mandamus issued *to this court* was based on a finding that all of this court's various specific findings of fact that this court thought were pertinent under 29 U.S.C. § 1404(a) were inconsequential in view of the insurmountable burden of proof placed on Stewart Organization by the forum selection clause it had executed as part of its contract. With the ink hardly dry on the Eleventh Circuit's writ directed to this court, this court would be both foolish and foolhardy not to follow the unmistakable direction in which it was pointed. It follows that it can be only of academic interest that this court joins plaintiffs in acknowledging the logic of courts which have most recently spoken on this same subject, in the following cases:

*Cheever v. Academy Chicago, Ltd.,* 690 F.Supp. 281 (S.D.N.Y.1988).

*Red Bull Assoc. v. Best Western Int'l, Inc.,* 686 F.Supp. 447 (S.D.N.Y.1988).

*Fibra–Steel, Inc. v. Astoria Indus., Inc.,* 708 F.Supp. 255 (E.D.Mo.1989).

*Heller Financial, Inc. v. Riverdale Auto Parts, Inc.,* 713 F.Supp. 1125 (N.D.Ill. 1989).

*Polsky v. Hall City Centre Assoc.,* 1989 WL 48109 (E.D.Pa. May 4, 1989).

*Van's Supply & Equip. v. ECHO, Inc.,* 711 F.Supp. 497 (W.D.Wis.1989).

All of these district courts refused to be "ring-nosed" by a forum selection clause where, after considering *all* of the facts, they found a forum substantially more convenient and fairer to plaintiffs or to defendants than the one contained in the contract. However, none of these decisions can provide succor to the plaintiffs in these two cases. *In re Ricoh Corporation* is too overwhelming.

Mr. Moses, et al., in CV 88–AR–1745–S, challenge the validity *vel non* of the clause itself, and, on this basis, they attempt to distinguish their case from *In re Ricoh Corporation.* This court does not believe that the Eleventh Circuit could be persuaded by such a distinction when it was unpersuaded in *In re Ricoh Corporation* by the fact that the very last agreement between Stewart Organization and Ricoh Corporation may not even have contained a forum selection clause. Mr. Moses, et al., make a valid point, but one which is unavailing, when they refer to the Federal Trade Commission's pre-*Stewart Organization* expression of concern over the usual imbalance of bargaining power in the franchisor-franchisee relationship, such a concern that the FTC succeeded in requiring Firestone Photographs, Inc., to notify all of its franchisees that it will not attempt to enforce the contractual provisions which limits suits against it to the courts of Ohio. *See Firestone Photographs, Inc.,* 1978 F.T.C. Complaints and Orders (CCH) ¶ 21,389 (Apr. 20, 1978).

In *In re Ricoh Corporation,* the Eleventh Circuit found that this court *"clearly abused its discretion"* in not deferring to the forum selection clause. *In re Ricoh Corporation,* 870 F.2d at 573 (emphasis

supplied). In *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518 (11th Cir.1988), the Eleventh Circuit recognized that "trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue." *Id.* at 1520. In *In re Fink*, 876 F.2d 84 (11th Cir.1989), the Eleventh Circuit said:

> Mandamus is not a substitute for appeal; it is available *only in exceptional cases*, where there is a "clear abuse of discretion or 'usurpation of judicial power.'"

*Id.* at 84 (citations omitted) (emphasis supplied).

These clear, recent Eleventh Circuit expressions make all the more pregnant with meaning the Eleventh Circuit's grant of mandamus directed to this court in *In re Ricoh Corporation* and its finding that this court "clearly abused its discretion." Although this court weighed all of the traditional *forum non conveniens* factors in order to arrive at its erroneous conclusion that Alabama was the more convenient forum, in final analysis it turned out that the forum selection clause pointed out the proper forum. It is clear, then, that the Eleventh Circuit is committed to the effectuation of "contracted-for" forum choices in all but exceptional cases, without describing an exceptional case. This court chooses not to try to chip away at the reinforced concrete of *In re Ricoh Corporation*. A "2×4" between the eyes is an attention-getter. Therefore, despite what both sets of plaintiffs now argue in these cases, this court does not believe that the Eleventh Circuit left open any room for arguing the nice distinctions they attempt to argue.

Furthermore, there is no reason for this court to revisit Alabama's public policy, reconfirmed by the Supreme Court of Alabama recently in *Keelean v. Central Bank of the South*, 544 So.2d 153, (Ala.1989), in which the Alabama court adhered to *Redwing Carriers, Inc. v. Foster*, 382 So.2d 554 (Ala.1980), although a concurring justice there recognized the existence of *Stewart Organization v. Ricoh Corp.* True, if these plaintiffs had filed their actions in an Alabama state court, and if defendants had not removed them to federal court on the

ground of diversity, the cases would have remained in Alabama for trial. The difference between the criteria for a determination of proper venue in an Alabama court and the criteria in a federal court in Alabama is both dramatic and traumatic, but it is very real.

Plaintiffs in these two cases also seem to suggest that this court should deny transfer because it would not expose itself to an interlocutory review of that denial by the Eleventh Circuit in light of *Lauro Lines v. Chasser*, —— U.S. ——, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), which was decided after *In re Ricoh Corporation*. This court is not tempted. When this court refused to certify an interlocutory appeal in *Stewart Organization, Inc. v. Ricoh Corp.*, CV 84–AR–2460–S (N.D.Ala. Oct. 27, 1988), this court may have accidentally predicted *Lauro Lines*, but the Eleventh Circuit's recent order to this court to transfer the case to New York arrived in the mail just the same. *See In re Ricoh Corporation*, 870 F.2d at 572 n. 4.

Under the circumstances, this court sees little reason to comment upon or to analyze the various rather obvious facts presented by plaintiffs and that militate toward Alabama as the more convenient forum in both of these cases. Plaintiffs in both cases, while differing in some respects from each other, have presented impressive pro-Alabama-forum facts, such as the locations of witnesses, the relative financial abilities of plaintiffs and defendants, and the dominance of one party over the other in negotiating the contract. In CV 88–AR–1745–S, defendant Business Cards Express, Inc., is not the only defendant. Mr. Moses, et al., also argue that the forum selection clause should not control the forum when they are suing parties who were not parties to the contract as well as a party to the contract. If Mr. Moses, et al., had not sued Business Card Express, Inc., and had only sued individuals who did not sign the contract, this distinction *might* be one to take their case out of the tight embrace of *In re Ricoh Corporation*. Neither does the mere fact that Mr. Moses, et al., were pathetically unsophisticated, first-time franchisees

when they went into business in Alabama with Business Card Express, Inc., provide a route of escape from *In re Ricoh Corporation*, which recognizes no such exception. Mr. Moses, et al., rely on *Sorrels Steel Corp. v. Great Southwest Corp.*, 651 F.Supp. 623 (S.D.Miss.1966), for the proposition that the relative financial strengths of the parties is a proper factor to be considered in making a transfer decision under § 1404(a), but Business Card Express, Inc., correctly points out that in *Sorrels* there was no forum selection clause by which a financially strained plaintiff (like Stewart Organization) had signed away in advance the possibility of litigating in a more economically feasible forum. The court regrets the fact that Mr. Moses, et al., will not only be inconvenienced by having to go to Michigan, but will, in all likelihood, be financially unable to do it. There is no doubt that the order transferring CV 88–AR–1745–S to Michigan will, as to Mr. Moses and his partners be like transferring them to the moon or to the bankruptcy court.

Lastly, the Eleventh Circuit draws no meaningful distinction, as Mr. Stewart would suggest, between a so-called exclusive forum clause and a clause which simply designates the proper forum. Therefore, Mr. Stewart's reliance on *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir.1989), will only help Mr. Stewart if he finds himself in the Ninth Circuit under similar circumstances.

### Conclusion

If this court were capable of persuasively distinguishing, with intellectual honesty, either or both of these cases from *In re Ricoh Corporation*, it would make the effort. Although this court has carefully studied the materials furnished by plaintiffs, this court lacks the capability of making any distinction that would withstand appellate scrutiny under the glare of *In re Ricoh Corporation*. The Eleventh Circuit simply nailed the lid too tight. This court lacks the inclination, much less the power, to overrule the Eleventh Circuit. This court is honest in saying that were it not

for *In re Ricoh Corporation*, this court would deny both motions to transfer. Whether the federal courts in New York and/or Michigan will feel bound to follow *In re Ricoh Corporation*, or will take an independent look at the venue question, is a matter for them and not for this court.

In CV 89–AR–0781–S, the forum selection clause which Mr. Stewart signed does not designate, as the clause did in *Stewart Organization, Inc. v. Ricoh Corp.*, the precise location or name of the court within the State of New York where he must litigate. Dean–Michaels, which has here invoked the forum selection clause, and which probably drafted it, can only use it to force a transfer to one of "the courts within the State of New York." Dean–Michaels asks that the transfer be to the United States District Court for the Northern District of New York, in Ithaca, where Dean–Michaels is located. Manhattan is 250 miles closer to Alabama than Ithaca is, so the court will, to the extent of 250 miles, construe the clause in favor of plaintiffs, who, together with most of their witnesses, live in Alabama. This may save them a few dollars, although the transfer to the Southern District of New York may be temporary. Mr. Stewart and his Stewart Organization will, at least for a short while, have cases running in tandem in Manhattan, thus perhaps ameliorating the economic sting occasioned by *In re Ricoh Corporation*.

Dean–Michaels can, of course, move the Southern District of New York for a transfer to Ithaca, while Mr. Stewart, et al., can move for a re-transfer to Birmingham. Fun for everyone! In *Union Tank Leasehold Bldg. Co. v. DuPont Glore & Forgan, Inc.*, 494 F.Supp. 514 (S.D.N.Y.1980), the United States District Court for the Southern District of New York re-transferred to the United States District Court for the Northern District of Illinois a case which the latter court had transferred to the former pursuant to § 1404(a), finding the original transfer to have been erroneous. This is an infrequent procedure because "it is

usually more efficient to accept the decision of the transferor court and get on with the case." 1B Moore's *Federal Practice,* ¶ 0.404[8] (2d ed. 1988).

The fact that district courts in Alabama, Georgia and Florida can now routinely close their files in many difficult commercial cases as a direct result of *In re Ricoh Corporation,* while these same court files are contemporaneously opened by federal courts in New York, Michigan, or elsewhere, may create tension between regions, but if it becomes a growing problem it is not one of this court's making. It may eventually require corrective action by Congress or a second clarification of the effect of a forum selection clause by the Supreme Court. Until something is done, the federal courts in Alabama, Georgia and Florida predictably will unload from their dockets all controversies in which the litigants, or some of them, have, by contract, pre-picked some non-Eleventh Circuit state as the proper forum.

If this court has sounded daunted by *In re Ricoh Corporation,* it is only because it *is* daunted! Any tendency toward quixotism this court might have been at least temporarily dampened. When this court read *In re Ricoh Corporation,* it heard the Eleventh Circuit say "check" and "mate." That binding appellate bad news is simply being here passed along to Mr. Stewart, et al., and to Mr. Moses, et al.

By separate orders, this court will transfer these two cases, to New York and to Michigan, respectively, bidding them both a fond farewell.