708 F.Supp. 255 (1989)
FIBRA-STEEL, INC., Plaintiff,
v.
ASTORIA INDUSTRIES, INC., et al., Defendants.
No. N 88-0154 C.
United States District Court, E.D. Missouri, N.D.
March 21, 1989.
*256 Marion F. Wasinger, Wasinger, Parham, Morthland, Terrell and Wasinger, Hannibal, Mo., for plaintiff.
Andrew Rothschild, Jeffrey B. Hunt, St. Louis, Mo., Edward J. Leahy, Davenport, Evans, Hurwita & Smith, Sioux Falls, S.D., for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion to transfer venue. For the reasons set forth in more detail below, defendants' motion will be denied.
Plaintiff Fibra-Steel, Inc. ("Fibra-Steel"), an Illinois corporation with its principal place of business in Hannibal, Missouri, originally brought this breach of contract action against defendants Astoria Industries, Inc. ("Astoria") and Raven Industries, Inc. ("Raven"), both South Dakota corporations, in the Marion County, Missouri Circuit Court. Defendants removed the action to this Court and subsequently filed the motion for transfer now under submission. As the basis for removal, defendants correctly allege that this Court has diversity jurisdiction over the instant case. Complete diversity exists between the parties and the amount in controversy is more than $10,000.
The contracts allegedly breached are an asset purchase agreement and a temporary manufacturing agreement. As of April 16, 1987, Fibra-Steel conducted a business in Hannibal, Missouri consisting of the manufacture of fiberglass truck bodies and related items. On April 16, 1987, Fibra-Steel and Astoria entered into an asset purchase agreement by which Astoria agreed to purchase certain assets from Fibra-Steel. The agreement was closed, and the assets purchased were delivered to Astoria, on May 27, 1987. Astoria is a wholly-owned subsidiary of defendant Raven. Contemporaneous with the signing of the asset purchase agreement, Raven signed an agreement guaranteeing Astoria's performance under the asset purchase agreement. Fibra-Steel alleges that it has fully performed under the terms of the agreement but that neither Astoria nor Raven has paid the full amount agreed to.
The parties also entered into a Temporary Manufacturing Agreement whereby Fibra-Steel agreed to provide manufacturing services at its Hannibal location for Astoria while Astoria completed remodeling of a newly purchased manufacturing facility. Fibra-Steel contends that defendants have failed to compensate it fully for services performed under the Temporary Manufacturing Agreement.
The parties entered into a non-competition agreement as well.
All of the above-referenced agreements contained choice-of-forum clauses. These clauses provide that any litigation arising in connection with the contracts will be conducted in South Dakota, in accordance with South Dakota law. Defendants rely almost exclusively on the existence of this agreement in support of their motion to transfer venue. In opposition to the motion, plaintiff relies almost exclusively on the argument that the forum selection clause is unenforceable, either pursuant to *257 South Dakota law or because the agreement was unjustly or fraudulently made. Fibra-Steel does also indicate that most of its witnesses are in Missouri.
In deciding a motion to transfer venue under 28 U.S.C. § 1404, the Court considers "the convenience of the parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). In addition to the statutory factors, the Court may also consider the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively. Houk v. Kimberly-Clark Corp., 613 F.Supp. 923, 927 (W.D.Mo.1985). The plaintiff's choice of proper forum is entitled to great weight and will only be disturbed when the balance strongly favors defendant. Id. See also, St. Louis Federal Savings & Loan Assoc. v. Silverado Banking, Savings & Loan Assoc., 626 F.Supp. 379, 383 (E.D.Mo. 1986). A change of venue, although within the trial court's discretion, should not be freely granted. In re Nine Mile, Ltd., 692 F.2d 56 (8th Cir.1982).
Finally, as defendants correctly note, the Supreme Court has recently held that the district courts may consider the choice-of-forum clause as "a significant factor that figures centrally in the district court's calculus." Stewart Organization, Inc. v. Ricoh Corp., ___ U.S. ___, ___, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). However, the choice of forum clause is not, alone, dispositive of the issue. The Court went on to point out,
"[T]he District Court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of `the interest of justice.'"
Id. Moroever, the enforceability of the choice-of-forum clause under South Dakota law has no effect on this Court's determination of proper venue. In Stewart Organization, the Supreme Court explicitly rejected the venue analysis utilized in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) wherein the enforceability of the forum selection clause under state law was part of the lower court's inquiry. Stewart Organization, ___ U.S. at ___, 108 S.Ct. at 2243.
In this case both parties have focused almost exclusively on the impact of the choice-of-forum clause and failed almost entirely to address the other factors which the court should consider. The Court cannot say that the forum selection clause, without more, weighs heavily enough to tip the scales away from plaintiff's choice of forum. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to transfer venue be and the same is denied.
IT IS FURTHER ORDERED that plaintiff's motion for default be and it is denied as moot, the Court having granted defendants leave to file their answer and counterclaim.