191 F.Supp.2d 1065 (2002)
MEDICINE SHOPPE INTERNATIONAL, INC., Plaintiff,
v.
Gordon TAMBELLINI, et al., Defendants.
No. 4:01CV435FRB.
United States District Court, E.D. Missouri, Eastern Division.
February 12, 2002.
*1066 Stephen H. Rovak, Partner, Sonnenschein and Nath, St. Louis, MO, Steven M. Cockriel, Associate, Philip J. Christofferson, Cockriel Law Office, L.L.C., St. Louis, MO, for Plaintiff.
Robert L. Rodenbush, Lathrop and Gage, St. Louis, MO, Blaine C. Kimrey, Lathrop and Gage, Kansas City, MO, Peggy *1067 C. Hughes, Montgomery & Purdue, Seattle, WA, for Defendants.

MEMORANDUM AND ORDER
BUCKLES, United States Magistrate Judge.
Presently pending before the Court is defendants Gordon Tambellini, Mari A. Tambellini, and Tambellini Pharmacy, Inc.'s Motion to Stay Based on Burford Abstention or, Alternatively, to Transfer Based on Forum Non Conveniens (filed July 23, 2001/Docket No. 24). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).
Plaintiff Medicine Shoppe International, Inc. (MSI), a Delaware corporation with its principal place of business in St. Louis County, Missouri, brings this anticipatory breach of contract action alleging that defendants Gordon Tambellini, Mari A. Tambellini, and Tambellini Pharmacy, Inc.'s planned closure of their franchise Medicine Shoppe Pharmacy in Raymond, Washington, breaches the License Agreement entered into by defendants as licensees and MSI as licensor. Defendants Gordon Tambellini and Tambellini Pharmacy, Inc., are citizens of the State of Washington. Defendant Mari A. Tambellini is a citizen of the State of California. Plaintiff MSI invokes this Court's diversity jurisdiction inasmuch as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.
Defendants move to stay any further action in federal court arguing that the Burford abstention doctrine dictates this Court's deferral to Washington state courts for determination of the complex regulatory scheme at issue here. In the alternative, defendants move to transfer this cause to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, in the interests of justice. Plaintiff has responded to defendants' motion to which defendants have replied.

A. Burford Abstention

Section XII of the License Agreement at issue here states:
This License Agreement shall be deemed for all purposes to have been made in the State of Missouri and shall be governed by and construed under and in accordance with the laws of the State of Missouri except as to matters covered by the Washington State Franchise Investment [Protection] Act.
(Compl., Exh. 1 at p. 8.)
Defendants argue that because resolution of the instant cause of action will necessarily entail interpretation of Washington's Franchise Investment Protection Act and thus potentially disrupt the State of Washington's regulatory, unified process for protecting Washington franchisees, the federal court should abstain from determining the instant matter under the abstention doctrine articulated by the Supreme Court in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).
In Burford, a diversity action was filed in the United States District Court, Western District of Texas, attacking the validity of an order of the Texas Railroad Commission granting Burford a permit to drill four wells, with an underlying argument that the Commission's order deprived complainants of due process. Specifically, the oil company sought to challenge the state agency's action under a general regulatory system devised by Texas' state legislature for the conservation of oil and gas in Texas. The federal district court, while recognizing that it had jurisdiction over the cause of action, nevertheless dismissed the cause determining that such cases were *1068 better left to be determined by the Texas state courts. See Sun Oil Co. v. Burford, 124 F.2d 467, 468 (5th Cir.1941) (subsequent history omitted). Recognizing the potential confusion and needless conflict resulting from the federal court's interpretation of this complex state regulatory scheme, the Supreme Court determined that under such circumstances, the district court's abstention was proper. Burford, 319 U.S. at 325-27, 63 S.Ct. 1098. In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court further elaborated on Burford's abstention doctrine:
The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.
. . . . .
Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.... It is enough that exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.
Colorado River Water, 424 U.S. at 813-14, 96 S.Ct. 1236 (internal quotation marks and citations omitted).
A federal court's abstention from determining matters otherwise within its jurisdiction is "the exception and not the rule," only to be used "in the extraordinary and narrow circumstances where it would clearly serve an important countervailing interest." Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1506 (8th Cir.1992) (internal quotation marks and citation omitted). The Burford abstention doctrine applies "when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and application of complicated state laws." Bilden v. United Equitable Ins. Co., 921 F.2d 822, 825 (8th Cir.1990); see also Arkansas Medical Soc'y, Inc. v. Reynolds, 6 F.3d 519, 528-29 (8th Cir.1993); Melahn, 965 F.2d at 1506.
Washington's Franchise Investment Protection Act, Wash.Rev.Stat. § 19.100 (FIPA), was enacted to deal with sales abuses and unfair practices in the franchising of goods and services. See Corp v. Atlantic Richfield Co., 122 Wash.2d 574, 860 P.2d 1015, 1018 (1993); Morris v. International Yogurt Co., 107 Wash.2d 314, 729 P.2d 33, 35 (1986). Although a review of FIPA shows it to be a comprehensive embodiment of legislation geared toward this purpose, it is not such a complex, established administrative scheme requiring specialized knowledge and application of complicated state laws to the extent that a federal court's interpretation of such laws would pose a danger to the state's policies in this field and result in confusion and needless conflict. Indeed, federal courts have been called upon to interpret and determine issues arising under FIPA and have competently done so without disruption to the State of Washington's efforts to establish coherent policy with respect to this matter of franchisee rights. See, e.g., Blanton v. Texaco Refining & Marketing, Inc., 914 F.2d 188 (9th Cir.1990); Blanton v. Mobil Oil Corp., *1069 721 F.2d 1207 (9th Cir.1983); Thompson v. Atlantic Richfield Co., 649 F.Supp. 969 (W.D.Wash.1986); Laurence J. Gordon, Inc. v. Brandt, Inc., 554 F.Supp. 1144, 1159-60 (W.D.Wash.1983). In addition to addressing their own state's franchise act, federal courts in Washington have also been called upon and have interpreted and addressed issues arising under other states' franchise acts, without apparent hesitation. See, e.g., McGowan v. Pillsbury Co., 723 F.Supp. 530 (W.D.Wash. 1989) (interpretation of State of New York's franchise act). Where a state's administrative scheme is routinely interpreted by federal courts and no specialized knowledge of state law is required, abstention is not appropriate. Reynolds, 6 F.3d at 529.
"[T]he federal courts' obligation to adjudicate claims within their jurisdiction [is] `virtually unflagging.'" New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Because defendants have failed to demonstrate that FIPA's statutory scheme poses such exceptional circumstances such that it falls within an extraordinary and narrow exception to the duty of this Court to adjudicate a controversy properly before it, defendants' request that this Court abstain from exercising its jurisdiction in this cause should be denied. See Reynolds, 6 F.3d at 529.

B. Motion to Transfer

As an alternative to their motion to abstain under Burford, defendants request that the Court transfer this cause to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).
Under § 1404(a), a civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." In determining whether to transfer a cause of action under § 1404(a), the Court must examine all relevant factors in the circumstances of the case at hand. Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.1997). However, a plaintiff's choice of forum should only be disturbed when the balance of factors strongly favors transfer. Fibra-Steel, Inc. v. Astoria Indus., Inc., 708 F.Supp. 255, 257 (E.D.Mo.1989); see also Terra Int'l, 119 F.3d at 695.
In the instant motion, defendants contend that consideration of all relevant factors tips the § 1404(a) scale in favor of transferring this cause to Washington. Specifically, defendants argue that relevant witnesses are located in or near Washington, including defendant Gordon Tambellini's family, the potential buyer of the franchise at issue, other business owners in the area, and other franchisees of MSI; and that such non-party witnesses are not subject to the subpoena power of this Court. Defendants further contend that documentary evidence in the possession of these witnesses is located in Washington. Defendants argue that the property of the franchise at issue in the cause is located in Washington, and that, as such, the State of Washington has a stronger interest than the State of Missouri in the dispute. Because of Missouri's attenuated connection to the facts underlying the instant cause, defendants argue that Missouri citizens should be spared the undue burden of serving as jurors in the cause. In addition, defendants contend that resolution of the issues raised herein will necessarily include the interpretation and application of the law of Washington, and specifically FIPA, and that Washington courts are better suited to address such issues. Finally, defendants contend that the Court should look to the expectations of the parties to the cause and note that because the events giving rise to the instant *1070 cause occurred in Washington, defendants would have expected any litigation arising therefrom to be brought in that forum and not in Missouri.
In response, plaintiff argues that its headquarters and nearly all of its employees are located in St. Louis, Missouri; and that witnesses to the relevant issues in the cause, such as those persons who negotiated the License Agreement at issue, and reviewed and oversaw the performance of defendants' pharmacy, including its resale efforts, reside or are employed in Missouri. Indeed, plaintiff avers that MSI-employee witnesses whose testimony would appear to support defendants' position reside in St. Louis. Plaintiff also contends that all of the documentary evidence relating to defendants' pharmacy is located in St. Louis. Plaintiff notes that the contract at issue in the instant cause was formed in Missouri and that defendants' alleged breach of the contract caused damages to be incurred by plaintiff in Missouri. Plaintiff also contends that the language of the contract itself specifically states that Missouri law applies to the contract. Finally, plaintiff argues that any expectations of the parties that litigation relating to the franchise would not be brought in Missouri were unreasonable in light of the factors set out above.
On the information now before the Court, it cannot be said that the convenience of the parties and prospective witnesses, including the convenience to the parties and witnesses in relation to the conduct of discovery, tips the balance in favor of either forum. Plaintiff and defendants have averred to the Court that there exist a large number of witnesses who have relevant information to the issues in this cause. Such witnesses are said to consist of employees and non-employees of the respective parties. Plaintiff MSI contends that the majority of its witnesses reside and are located in the St. Louis, Missouri, area, thus making the current forum the most appropriate and convenient forum in the cause. In their contrary argument, defendants contend that because the majority of their witnesses reside and are located within the State of Washington, the Western District of Washington is the most appropriate and convenient forum in the cause. On the information before the Court, it cannot be said that one forum is more convenient than the other when considering the convenience of the witnesses in toto. See Terra Int'l, 119 F.3d at 696-97 (shifting the inconvenience from one side to the other is not a permissible justification for change of venue). In addition, although defendants claim that the law of Washington will be relevant in determining the instant cause, there nevertheless exist issues which arise under the law of Missouri, with such law to apply to the extent allowed as explicitly stated in the License Agreement. As such, it would appear that both states have a direct connection with and interest in the dispute. Likewise, in the circumstances of this cause, the parties could have reasonably expected to have been haled into court in either forum.
In light of the foregoing, the balancing of factors under § 1404(a) does not tip decisively toward one forum or another. Inasmuch as the balance does not strongly favor transfer, the undersigned determines, in the interest of justice, not to disturb plaintiff's choice of forum. Fibra-Steel, 708 F.Supp. at 257.
Accordingly,
IT IS HEREBY ORDERED that defendants Gordon Tambellini, Mari A. Tambellini, and Tambellini Pharmacy, Inc.'s Motion to Stay Based on Burford Abstention or, Alternatively, to Transfer Based on Forum Non Conveniens (Docket No. 24) is denied in its entirety.
*1071 IT IS FURTHER ORDERED that defendants Gordon Tambellini, Mari A. Tambellini, and Tambellini Pharmacy, Inc.'s Motion for Oral Argument on Motion to Stay Based on Burford Abstention or, Alternatively, to Transfer Based on Forum Non Conveniens (Docket No. 25) is denied as moot.