**VORTEKX, INC., a Michigan Corporation, Plaintiff,**

v.

**IAS COMMUNICATIONS, INC., an Oregon Corporation, Defendant.**

**Civil Action No. 3:99–CV–61.**

United States District Court, N.D. West Virginia, Martinsburg Division.

Oct. 26, 1999.

William A. Kolibash, Phillips, Gardill, Kaiser & Altmeyer, Daniel P. Larsen, Alter, Wynne, Hewitt, Dodson & Skerritt, Portland, OR, Kurt M. Rylander, Martin & Rylander, PC, Vancouver, WA, for plaintiff.

Braun A. Hamstead, Hamstead & Associates, LC, Charles Town, WV, William A. Birdwell, Jane Anne Peterson, Birdwell & Janke, LLP, Portland, OR, for defendant.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

Currently pending before the Court are (1) defendant's motion to consolidate[1] and (2) plaintiff's motion to transfer.[2] Upon consideration of these motions,[3] the Court is of the opinion and **ORDERS** that defendant's motion to consolidate be **GRANTED** and consequently, plaintiff's motion to transfer be **DENIED**.

### FACTS

The facts and parties of this case are similar, if not the same, to the facts and parties of a case currently pending before this Court: *University of West Virginia Board of Trustees v. VanVoorhies*, 33 F.Supp.2d 519 (N.D.W.Va.1998) (WVU action).

Reduced to its essentials, the dispute in the WVU action concerns two inventions allegedly conceived during VanVoorhies' studies as a graduate research assistant at West Virginia University (University). VanVoorhies assigned all rights to the first invention to the University. This assignment included an assignment of all future technologies derived from the technology underlying the first invention.

VanVoorhies then declined to assign to the University any interest in the second invention. The University claimed that the second invention constituted future technology derived from the first invention. For this reason, the University claimed that VanVoorhies' assignment of the first invention obligated VanVoorhies to assign the second invention to the University. VanVoorhies disputed this claim.

As a result of this dispute, the University and VanVoorhies filed various patent applications asserting ownership of the technologies arising under the second invention. Litigation ensued between the University and VanVoorhies.

Reduced to its essentials, the dispute in this case focuses on the very same patents and technologies at issue in the WVU action. This case focuses on the infringement, ownership rights and validity of the very same patents in the WVU action.

Different named parties are involved between the present action and the WVU action. However, a closer examination of the facts reveals that the same parties are actually involved between the present action and the WVU action. Research Corp., the third-party defendant in the WVU action, is the owner and administrator of the University's patents. Research Corp. granted an exclusive license of the technology underlying the first invention to Integral Concepts, Inc. (ICI). In turn, ICI granted defendant, in this present action, an exclusive commercial sublicense of that very same technology. Consequently, defendant is the sublicensee of the technology underlying the first invention. Therefore, defendant owes its interest, in the

---

1. Doc. # 87.

2. Doc. # 94.

3. These two motions raise the same legal issues and arise out of the same facts and procedural posture. Consequently, the Court considers these two motions together.

present action, to the third-party defendant in the WVU action.

Similarly, VanVoorhies, the defendant in the WVU action, assigned the second invention to VorteKx P.C., the assumed business name of Kurt L. VanVoorhies, Ph.D., P.E., P.C. VanVoorhies is the president and owner of VorteKx, P.C. In turn, VorteKx, P.C. assigned the second invention and the patent derived from that second invention to VorteKx, Inc., the plaintiff in the present action. VanVoorhies is the president and majority shareholder of VorteKx, Inc. Therefore, plaintiff is the assignee of the patent derived from the second invention. Plaintiff owes its interest in the present litigation to the defendant in the WVU action.

## DISCUSSION OF LAW

■ Under FED.R.CIV.P. 42(a) the District Court may consolidate actions if there exists a common question of law or fact between actions pending before the Court.[4] The District Court has broad discretion to consolidate actions pending before the Court.[5]

■ The present action and the WVU action involve similar legal issues. Both address the validity of the patents. Furthermore, both cases address the ownership rights to the patents.

Both cases also involve similar factual issues because both cases involve the same parties and interests. VorteKx's legal claims are derived from its intimate connection with VanVoorhies, the defendant, in the WVU Action. IAS' legal claims are derived from its unique connection with Research Corp., the third-party defendant, in the WVU action.

Therefore, the same facts are involved between present action and the WVU action. Both cases arise out of inventions, patent applications and patents allegedly developed by VanVoorhies during his studies as a graduate student at the University.

Further, consolidation is a proper and sound exercise of this Court's discretion. Consolidation will clearly save resources for both the litigants and the Court. Without consolidation, the same parties and interests would litigate two separate cases, in two separate courts, involving the same facts and legal issues. Additionally, without consolidation, there is the potential for inconsistent judgments by this Court, the District of Oregon or the District of Michigan, and a concomitant risk of incurring inconsistent obligations. Consolidation, therefore, provides a sound method to prevent otherwise wasteful and duplicative efforts in litigating similar cases.

■ The law of the case also militates against transfer and supports consolidation. The law provides that a prior decision should be binding upon subsequent stages in the litigation between the parties.[6] The purpose of the rule is to promote finality, consistency and efficiency.[7]

■ The doctrine of law of the case, and its emphasis on finality and consistency,

4. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. FED.R.CIV.P. 42(a).

5. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr.,* 559 F.2d 928, 933 (4th Cir.1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district").

6. *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) ("As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

7. *Christianson v. Colt Indust. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ("This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues' ").

applies with particular force to transfer decisions. This prevents transferee courts, such as this Court, from constantly revisiting the transferor court's prior decisions, such as the Order from the District of Oregon. In turn, this prevents the potential of "send[ing] litigants into a vicious circle of litigation."[8] For this reason, "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts."[9]

Judge Jones' Order,[10] transferring this case from the District of Oregon to this Court, is afforded the preclusive effect of the law of the case. Plaintiff would have this court undermine the finality of Judge Jones' transfer order by litigating an issue previously and thoroughly decided by a transferor court. This revisitation and relitigation of the transfer decision clearly undermines the policy of finality advanced by law of the case. For this reason, transfer back to Oregon or Michigan is clearly inappropriate.

Nevertheless, plaintiff argues that consolidation is improper and that this Court should transfer the present action. Plaintiff attempts to rebut the defendant's arguments against transfer, on grounds of law of the case, as "a novel application of the venerable 'law of the case.'"[11] Plaintiff is wrong. Courts commonly and routinely invoke law of the case in refusing to revisit transferor courts' transfer decisions.[12]

■ Plaintiff also argues that this Court lacks personal jurisdiction over plaintiff concerning defendant's counterclaims against plaintiff.[13] For this reason, plaintiff argues that transfer is inappropriate.

Plaintiff's arguments concerning the lack of personal jurisdiction are without merit. First, despite plaintiff's arguments to the contrary, the acts of VanVoorhies, over whom this Court exercises personal jurisdiction, are clearly attributable to plaintiff. As previously stated, plaintiff and VanVoorhies are essentially the same parties and share the same interests. In addition, the events giving rise to the present litigation all stem from events originating in West Virginia. Plaintiff's argument against transfer, on grounds that plaintiff is not subject to personal jurisdiction, denies reality and, consequently, is without merit.[14]

**8.** *Id.*

**9.** *Id.*

**10.** Doc. # 84.

**11.** Doc. # 98.

**12.** *See Public Interest Research Group v. Magnesium Elektron, Inc.,* 123 F.3d 111, 118 (3d Cir.1997) (discussing the problems associated with transfer and concluding that "[w]hen transferee courts fail to follow the law of the case, they drive up the costs of litigation dramatically and allow parties to capitalize on jurisdictional uncertainty"); *Gillig v. Advanced Cardiovascular Sys. Inc.,* 67 F.3d 586, 590 (6th Cir.1995) (discussing the law of the case and transfer orders); *Texas American Oil Corp. v. United States Dep't of Energy,* 24 F.3d 210, 212 (Fed.Cir.1994) ("When the Fifth Circuit transferred the appeal ... that jurisdictional ruling became the law of the case"); *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir.1991) (discussing law of the case in transfer orders); *Triad Sys. Fin. Corp. v. Stewart's Auto Supply, Inc.,* 47 F.Supp.2d 1332, 1338 (N.D.Ala.1999) (finding exceptional and unique circumstances warranting transfer but cautioning that "re-transfer of a case is, and should be, a highly unusual event"); *Zeneca Ltd. v. Mylan Pharms., Inc.,* 968 F.Supp. 268, 271 (W.D.Pa. 1997) ("[I]t is apparent that this Court's initial Order ... transferring the case ... is the law of the case"). *See generally* 18 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478 (1st ed. 1981) ("[T]he transferee court should treat prior rulings of the transferor court in much the same way as one district judge treats the rulings of a colleague. There may be special value in deference, however, if the ruling involves the propriety of transfer itself.") (footnotes omitted).

**13.** Defendant claims declarations of non-infringement, ownership, and patent invalidity and unenforceablity. Doc. # 40.

**14.** Plaintiff has attempted not to waive any alleged defects in personal jurisdiction. Specifically, plaintiff filed a Notice of Appearance. Doc. # 92. Then, plaintiff filed a timely motion arguing the lack of personal

## CONCLUSION

For the above reasons, the Court **GRANTS** defendant's motion to consolidate [15] the present action with the WVU action and accordingly **DENIES** plaintiff's motion to transfer.[16] The Court further **ORDERS** a **STAY** on the claims in this case, pending the resolution of the matters currently pending before the Court in *University of West Virginia Board of Trustees v. Kurt L. VanVoorhies*, 1:97cv144.

jurisdiction. Doc. # 94. *See* Fed R.Civ.P. 12(h)(1); *see also Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.Supp. 1279, 1282 (S.D.N.Y.1989) (stating that defendants preserved the lack of personal jurisdiction defense because they "moved promptly under Rule 12 to assert the defense of lack of personal jurisdiction"); *Aluminal Indust., Inc. v. Newtown Commerical Assoc.*, 89 F.R.D. 326, 328, n. 2 (S.D.N.Y.1980) (discussing Rule 12 and the timeline within which the defense of personal jurisdiction must be raised or is waived). At no time, in this motion, did plaintiff address the merits or substance of the underlying claim. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704–05, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (discussing the waivability of objections to personal jurisdiction).

15. Doc. # 87.

16. Doc. # 94.