**MYMAIL, LTD., Plaintiff,**

v.

**AMERICA ONLINE, INC., AT & T Corp., Netzero, Inc., Juno Online Services, Inc., Netbrands, Inc., Earthlink, Inc., and SBC Communications, Inc., Defendants.**

**No. 6:04 CV 189.**

United States District Court, E.D. Texas, Tyler Division.

Sept. 2, 2004.

Douglas A. Cawley, David Sochia and Matthew Paul Harper of McKool Smith, Dallas, For Plaintiff.

Andrew R. Kopsidas, Lauren A. Degnan and Ruffin B. Cordell of Fish & Richardson, PC, Washington D.C., Jack Wesley Hill and Otis W. Carroll Jr., of Ireland Carroll & Kelley, PC, Michael Edwin Jones of Potter Minton, Tyler, TX, Sidney Calvin Capshaw, III of Brown McCarroll, Longview, TX, Fred Irvin Williams and Randall Louis Sarosdy (Sarosdy on counterclaim), of Akin, Gump, Strauss, Hauer & Feld, Austin, TX, John Russell Emerson and Thomas Joseph Williams of Haynes and Boone, Fort Worth, TX, William Joseph Robinson of Foley & Lardner-Los Angeles, Los Angeles, CA, Deron R. Dacus and Walter Thomas Henson of Ramey & Flock, Tyler, TX, Claus Diedrik Melarti, Louis Norwood Jameson and Matthew Christopher Gaudet of Duane Morris–Atlanta, Atlanta, GA, Anthony A. Sheldon and Timothy G. Newman of Cardinal Law Group, Evanston, IL, Donald C. Templin of

Haynes & Boone–Dallas, Dallas, TX, John Russell Emerson and Thomas Joseph Williams of Haynes and Boone, Fort Worth, TX, Bryant Carroll Boren, Jr., Christopher Wood Kennerly, Fernando Rodriguez, Jr., and Timothy S. Durst of Baker Botts–Dallas, Dallas, TX, Thomas John Ward, Jr., Longview, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Before the Court is Defendants' Netzero, Inc., Juno Online Services, Inc., and Netbrands, Inc. (collectively "the UOL Defendants") Motion to Sever and Transfer Venue and Brief in Support (Docket No. 58). The UOL Defendants ask the Court to sever the claims against them under Federal Rule of Civil Procedure 21 and transfer those claims to the Central District of California under 28 U.S.C. § 1404(a). Having considered the parties' written submissions, the Court finds that the motion should be **DENIED**.

## BACKGROUND

MyMail, Ltd. ("MyMail") is the assignee of all rights, title, and interest in United States Patent No. 6,527,290 (the "'290 patent"), which describes a method and apparatus for accessing a computer network by a roaming user. MyMail has sued America Online, Inc., AT & T Corp., Netzero, Inc., Juno Online Services, Inc., Netbrands, Inc., Earthlink, Inc., and SBC Communications, Inc. claiming they infringe this patent. Verizon Communications Inc. was also sued, but has been voluntarily dismissed without prejudice (Docket No. 75).

The UOL Defendants are all subsidiaries of United Online, Inc. with headquarters in Los Angeles, California. The UOL Defendants responded to MyMail's claims by denying infringement, asserting various affirmative defenses, and bringing their own counterclaims alleging that the '290 patent is invalid. In the instant motion, the UOL Defendants ask the Court to sever the claims against them from the claims against the other defendants and transfer the severed claims to the Central District of California.

## MOTION TO SEVER

*Rule 20(a)*

■ A plaintiff may join defendants in one action if there is asserted against them "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). The Federal Rules of Civil Procedure give courts authority to sever parties during any stage of the proceeding and on such terms as are just. FED. R. CIV. P. 21. A court may use Rule 21 to sever properly joined parties or to cure improperly joined parties.

The UOL Defendants argue that they have been improperly joined because the claims against them do not arise out of the same transaction or occurrence or series of transactions or occurrences as the other defendants. The UOL Defendants urge the Court to follow a handful of district court cases that purportedly hold acts of infringement by separate defendants do not satisfy the same transaction requirement.[1]

■ Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences. *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D.Tex.1993). A logical relationship exists if there is some nucleus of operative facts or law. *Id.* Neither side disputes that questions of law or fact common to all defendants will arise in this case. The legal question as to the '290 patent's scope is common to all the defendants. MyMail alleges that all defendants have infringed the '290 patent.

---

1. The UOL Defendants cite *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415 (D.Del. 2004); *Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122 (S.D.N.Y.2003); *Androphy v. Smith & Nephew, Inc.*, 31 F.Supp.2d 620 (N.D.Ill.1998); *N.J.* *Machine Inc. v. Alford Indus. Inc.*, No. Civ. A. 89–1879(JCL), 1991 WL 340196 (D.N.J. Oct. 7, 1991); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F.Supp. 1358 (D.Del.1983).

MyMail also alleges that the UOL Defendants have utilized shared resources, such as dial-up Internet access numbers, with the other defendants.

■ The UOL Defendants urge the Court to adopt the rule that infringement by different defendants does not satisfy Rule 20's same transaction requirement, but the Court finds·that this interpretation of Rule 20 is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation. In essence, the UOL Defendants advocate a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent. The Court disagrees with such a per se rule that elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes. It is possible that severance could be appropriate if the defendants' methods or products were dramatically different. Here, the record before the Court does not show that the products or methods at issue are so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases.

Four of the cases cited by the UOL Defendants are not incompatible with the Court's holding.[2] *Paine, Webber* and *Androphy* state that infringement allegations against unrelated parties based on different products or different acts do not arise from the same transaction. *Androphy,* 31 F.Supp.2d at 623; *Paine, Webber,* 564 F.Supp. at 1371. From this language and the fact recitations, it is unclear whether the courts mean the alleged acts of infringement are "different" because they are separate acts or because they are dissimilar. The court in *New Jersey Machine Inc.* recognizes this distinction. That court states that "the allegedly infringing machines are separate and distinct." *N.J. Machine Inc.,* 1991 WL 340196 at *1. The court goes on to hold that the acts of infringement do not arise from the same trans-

action because the plaintiffs have not shown that the second defendant's infringement acts are connected to the first defendant's nor that the machines at issue are similar. *Id.* at *2. More significant to the court than whether the parties are related or whether they share marketing and sales efforts is whether the plaintiff alleges any connection or substantial similarity between the machines at issue. *Id.* The court does not give details, but also comments that joinder "would be inappropriate at this late stage of the litigation." *Id.* Similarly, the decision in *Philips* to sever was made after fact discovery was complete.[3] *Philips Elecs.,* 220 F.R.D. at 416, 418. Here, the parties have not completed fact discovery, and the Court is not in a position to determine whether the UOL Defendants' products or methods are substantially similar or dissimilar to the other defendants'.

For the reasons given above, at this point, the Court finds that there is a nucleus of operative facts or law in the claims against all the defendants and, therefore, the claims against the UOL Defendants do arise out of the same series of transactions or occurrences as the claims against the other defendants. As such, the UOL Defendants are properly joined parties under Rule 20. When discovery is complete, the Court, upon motion of a party, will determine whether the state of the evidence compels severance of some type under Rule 21.

*Rule 21*

■ Even though the Court has found that severance is not required here to correct misjoinder, the Court may still sever the UOL Defendants under Rule 21. A court may sever properly joined parties on such terms as are just. FED. R. CIV. P. 21. The joinder rules were created to increase judicial efficiency by allowing related claims against different parties to be tried together. "Under the [Federal Rules of Civil Procedure], the impulse is toward entertaining the

---

**2.** The court in *Pergo* does seem to adopt the per se rule that this Court disagrees with for the reasons given above. *See Pergo, Inc.,* 262 F.Supp.2d at 127–28.

**3.** *Philips* can be further distinguished because that court also held that severance was necessary to prevent unfair prejudice to a defendant because its co-defendant had chosen not to put on its own defense. *Philips Elecs.,* 220 F.R.D. at 418.

458

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In a patent case, the district court is responsible for construing the patent's claims. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 390–91, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). The prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible. *DataTreasury Corp. v. First Data Corp.,* 243 F.Supp.2d 591, 596 (N.D.Tex.2003). Besides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice. *See DataTreasury,* 243 F.Supp.2d at 596. Severing the UOL Defendants would decrease judicial efficiency by requiring duplicitous claim constructions, discovery, and pretrial motions. On the state of this record, the Court finds it would not be just to sever the claims against the UOL Defendants and denies the motion to sever.

### CONCLUSION

As stated, the Court finds that the UOL Defendants have been properly joined under Rule 20 and **DENIES** the motion to sever. Because the Court **DENIES** the motion to sever, it also **DENIES** the UOL Defendants' transfer motion.